The Cardoza Law Corporation
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:   (415) 651-9700
*Attorney for Plaintiff*,
Joseph A. Wilcock

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. WILCOCK<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST RECOVERY SERVICES, INC.;<br><br>Defendant | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1.) FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.; AND**<br><br>**2.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL CIV §§ 1788, ET SEQ.; AND**<br><br>**3.) CONSUMER CREDIT REPORTING AGENCIES ACT CAL CIV §§ 1785, ET SEQ.**<br><br>DEMAND FOR JURY TRIAL |

///

///

///

///

COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is a case about a debt collector who took a totally discharged payday loan debt, changed it to look like a current apartment rental debt, and then reported it to the credit bureaus in order to try to get the consumer to pay them money he didn't even owe.

2. **JOSEPH A. WILCOCK** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, attorney fees, and costs, against **SOUTHWEST RECOVERY SERVICES, INC.** ("SWS" or "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and for violations of the Consumer Credit Reporting Agencies Act, California Civil Code § 1785 et seq. (hereinafter "CCRAA"), all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such

violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

7. The Consumer Credit Reporting Agencies Act (CCRAA), the California version of the federal Fair Credit Reporting Act (FCRA), was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[1] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers of credit information similar in some ways to those found in the FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

**JURISDICTION AND VENUE**

---

[1] California Civil Code § 1785.1(d)

8. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

9. This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and the Consumer Credit Reporting Agencies Act, California Civil Code § 1785 et seq. (hereinafter "CCRAA").

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

**FDCPA AND RFDCPA**

11. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

    d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e.    It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.

12. Similarly, when enacting the RFDCPA, the California Legislature found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  Cal. Civil Code § 1788.1(a)(1).

13. The FDCPA and the RFDCPA are both strict liability statutes.  That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability.  *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

14. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard.  *Gonzales* at 1061.  This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence.  *Id.*  In addition, a plaintiff

need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

15. Plaintiff is a natural person who resides in the County of Los Angeles, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Cal. Civ. Code § 1785.3(b), "Debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant Southwest Recovery Services, Inc. (hereinafter "Defendant" or "SRS") is a Texas corporation operating from an address of 17311 Dallas Parkway, STE 235, Dallas, Texas, 75248, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

17. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18. This case involves Plaintiff's "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c)

19. Defendant Southwest Recovery Services, Inc. is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

**FACTUAL ALLEGATIONS**

20. Plaintiff is an individual residing in the County of Los Angeles in the State of California.

21. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

22. Defendant's business consists solely of the acquisition and collection of delinquent consumer debts.

23. In approximately 2009, Plaintiff took out a personal payday loan for about $1,000.00. In 2015, Plaintiff filed for bankruptcy, and that payday loan was discharged as part of the bankruptcy.

24. On June 21, 2018, Plaintiff noticed that the same debt was being reported by Defendant to Equifax as delinquent since at least February of 2018, and that Defendant had replaced the original date of first delinquency on the account in

2009 with one dated February of 2018, which meant that the negative report would stay on Plaintiff's credit report until the year 2025. Furthermore, Defendant reported the debt as "rental/leasing" debt belonging to an "Allstate Capital Group LLC".

25. Also on June, 21, 2018, Plaintiff contacted Defendant to have the negative reporting on the discharged payday loan delinquency removed from his credit report and spoke to a gentleman who identified himself only at "Thomas." Thomas did not identify himself as a debt collector. Plaintiff asked words to the effect of how we can resolve this issue. Thomas responded with words to the effect that Plaintiff needed to pay 65% of the approximate $1,000 alleged delinquency.

26. Plaintiff agreed to pay $684.86 to Defendant in order to have the negative credit information removed from his credit report and was assured by Defendant that it would do so. Near the end of the conversation, however, Plaintiff complained to Defendant that their conduct violated the consumer protection laws. Defendant abruptly terminated their conversation and Plaintiff subsequently noticed that the money he had paid to Defendant by credit card had been refunded to him.

## ACTUAL DAMAGES

27. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and

feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

28. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, the California legislature enacted the CCRAA to protect consumers from precisely the conduct described in this Complaint. The California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the CCRAA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692E OF THE FDCPA

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

31. Defendant violated § 1692e when it, among other qualifying actions and omissions, willfully misrepresented the legal status of the debt, to wit: that it was owed and not discharged in bankruptcy; when Defendant failed to identify itself as a debt collector; when it communicated and reported false credit information; and when it used deceptive means to collect a debt by reporting false credit information to the credit reporting agencies.

### COUNT II

### VIOLATION OF § 1692F OF THE FDCPA

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

34. Defendant violated § 1692f when it, among other qualifying actions and omissions, willfully and without justification, reported the debt to one or more CRA's as valid, owing and delinquent which constitutes an unfair scheme to attempt to collect a debt.

## COUNT III

### VIOLATION OF § 1692G OF THE FDCPA

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. A debt collector violates § 1692g of the FDCPA when it fails, within five days after the initial communication with a consumer, to send certain notice to the consumer.

37. Defendant violated § 1692g when it, among other qualifying actions and omissions, willfully and without justification, failed within five days of initially contacting Plaintiff to send him the notices required by § 1692g(a).

## COUNT IV

### VIOLATION OF § 1788.14(A) OF THE RFDCPA

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. A debt collector violates § 1788.14(a) of the RFDCPA when it attempts to obtain a reaffirmation of a debt discharged in the debtor's bankruptcy, unless the collector discloses to the debtor in writing, before the affirmation of the debt is

sought, that the debtor is not legally obligated to affirm the discharged debt.

40. Defendant violated § 1788.14(a) when it, among other qualifying actions and omissions, willfully and without justification, contacted Plaintiff in an attempt to get Plaintiff to reaffirm the discharged payday loan debt.

## COUNT V

### VIOLATION OF § 1788.17 OF THE RFDCPA

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

43. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692e, § 1692f, and § 1692g.

## COUNT VI

### VIOLATION OF THE CCRAA

### CAL CIV § 1785.25(A)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Southwest Recovery Services, Inc. violated Cal. Civ. §1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or

inaccurate.

46. As a result of the conduct, actions and inactions of Southwest Recovery Services, Inc. the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

47. The conduct, actions and inactions by Southwest Recovery Services, Inc. were willful, rendering Southwest Recovery Services, Inc. liable for punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal. Civ. §1731(a)(2)(B). In the alternative Southwest Recovery Services, Inc. was negligent entitling the Plaintiff to recover under Cal. Civ. §1731(a)(1).

48. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Southwest Recovery Services, Inc. in an amount to be determined by the Court pursuant to Cal. Civ. §1731(a)(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), and pursuant to Cal. Civ. §1731 (CCRAA), against Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

d) Award of punitive damages in the amount of $5,000 for each violation as the court deems proper pursuant to Cal. Civ. Code § 1785.31 (CCRAA) against Defendant and for Plaintiff, and,

e) Award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), and pursuant to Cal. Civ. Code § 1785.31 (CCRAA) against Defendant and for Plaintiff, and,

f) Award to Plaintiff of such other and further relief as may be just and proper.

### **TRIAL BY JURY IS DEMANDED**

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: July 7, 2018

THE CARDOZA LAW CORPORATION
BY: /S/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.
(SBN: 194065)
MIKE.CARDOZA@CARDOZALAWCORP.COM
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 488-8041
FACSIMILE: (415) 651-9700

ATTORNEY FOR PLAINTIFF,
JOSEPH A. WILCOCK